UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RANDOLPH,<br><br>            Plaintiff,<br><br>       v.<br><br>CSP SACRAMENTO, et al.,<br><br>            Defendants. | No.  2:19-cv-01670-JAM-CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  By order filed March 20, 2020, the undersigned screened plaintiff's complaint and dismissed it with leave to amend.  ECF No. 7.  On April 20, 2020 plaintiff filed a first amended complaint.  ECF No. 10.

**I.       Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court will independently dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

/////

1

**II.     Allegations in the First Amended Complaint**

In his amended complaint, plaintiff challenges acts of negligence in his prison workplace. ECF No. 10 at 3. Plaintiff alleges that defendants, who are supervisory officials at California State Prison-Sacramento ("CSP-Sac"), are responsible for the pothole in the kitchen floor because they are the "overseers" of CSP-Sac and are thus responsible for the areas in which staff and inmates work. Id. Plaintiff contends that he was burned due to the damaged floor in the kitchen. ECF No. 10 at 5.

**III.    Analysis**

The court has reviewed plaintiff's first amended complaint and finds that it fails to state a claim upon which relief can be granted under federal law. In this court's prior screening order, plaintiff was advised that when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See ECF No. 7 at 4. Plaintiff once again failed to connect any individual actions of the defendants to the alleged constitutional violation. See ECF No. 11 at 3-4. Plaintiff merely alleges that the Warden of CSP-Sac does a "walk through" around the prison. However, that does not establish the requisite causal connection to establish deliberate indifference on the part of the supervisory officials. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Moreover, mere negligence on the part of prison officials, as alleged here, is not sufficient to state an Eighth Amendment violation. See Farmer v. Brennan, 511 U.S. 825, 835 (1994). Even civil recklessness which is the failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known" is not sufficient to establish an Eighth Amendment claim. Farmer, 511 U.S. at 836-837 & n. 5 (citation omitted). For all of these reasons, the undersigned recommends dismissing plaintiff's first amended complaint.

**IV.    Leave to Amend**

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a

plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the Court may dismiss without leave to amend.  Cato, 70 F.3d at 1105-06.

In light of plaintiff's failures to provide additional information about his claims despite specific instructions from the court, the undersigned finds that further leave to amend would be futile and the first amended complaint should be dismissed without leave to amend.  Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").  Here, plaintiff has not even attempted to cure any of the deficiencies described in this court's prior screening order.  He has identified the same defendants as in his original complaint and then generally alleges that they were negligent.  For this reason, the undersigned recommends denying further leave to amend the complaint.

### V.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

It is recommended that your complaint be dismissed because it fails to state any cognizable claim for relief.  Allowing you to further amend the complaint would be futile because you were not able to cure any of the previously identified deficiencies with the original complaint.  As a result, it is recommended that you not be granted further leave to amend your complaint and that this civil action be closed.  If you disagree with this recommendation, you have 21 days to explain why it is not the correct result.  Label your explanation as "Objections to the Magistrate Judge's Findings and Recommendations."

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's first amended complaint be dismissed without leave to amend for failure to state a claim; and,
2.  The Clerk of Court be directed to close this case.

3

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 28, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/rand1670.F&R.docx